UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACK LECK II,<br><br>          Petitioner,<br><br>   v.<br><br>MARK STRONG,<br><br>          Respondent. | CASE NO. 3:15-CV-05869-RJB-JRC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

    The District Court referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction pursuant to 28 U.S.C. § 2254.

    Before the Court is petitioner's second motion to appoint counsel. Dkt. 8. Respondent has not filed a response.

    There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). And although the Court must appoint counsel if an evidentiary hearing is warranted, Rule

8(c) of the Rules Governing Section 2254 Cases, petitioner has not established good cause for such a hearing in this case.

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1), but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, petitioner has failed to establish that exceptional circumstances warrant the appointment of counsel at this time. Plaintiff states that the Special Commitment Center has inadequate resources for legal research, writing, and court procedures. Dkt. 8 at 2. Petitioner also contends that he has limited legal experience and is "going up against" attorneys. *Id.* However, petitioner does not demonstrate that he is likely to succeed on the merits of his habeas claim. Likewise, petitioner has made numerous arguments to the Court that suggest he is able to articulate his claims *pro se*. Accordingly, petitioner's motion to appoint counsel is denied. Dkt. 8.

Dated this 11th day of January, 2016.

J. Richard Creatura
United States Magistrate Judge